[Civ. No. 2636. Third Appellate District.—June 18, 1923.]

## PACIFIC AUTOMOBILE EXCHANGE (a Corporation), Appellant, v. J. S. STANSFIELD et al., Respondents.

[1] Attachments — Undertaking to Secure Release — Alterations by Attachment Debtor—Liability of Sureties.—In an action on an undertaking given to secure the release of an attachment, which undertaking was changed by the attachment debtor, without the knowledge or consent of either the sureties thereon or the plaintiff, by increasing the amount recited as being sued for and by inserting a corresponding amount in the blank space for the amount of the penalty of the undertaking, the sureties can be held liable only to the extent of the amount sued for as recited in the undertaking at the time they executed and delivered the same.

[2] Contracts — Presence of Unfilled Blanks — Authority of Depositary to Complete—Presumption—Evidence.—It cannot conclusively be inferred from the presence of unfilled blanks in an instrument, at the time of delivery, that the depositary thereof is authorized to fill such blanks, but the question of authority so to do is one of fact to be determined by the trial court from all the surrounding circumstances.

APPEAL from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. H. Morris and Bradley & Bradley for Appellant.

E. I. Feemster and Avery J. Howe for Respondents.

FINCH, P. J.—In an action brought by plaintiff to recover the sum of $3,609.85 from Edward L. Tobin there was issued an attachment under which the sheriff took possession of an automobile belonging to Tobin. The defendants herein executed and delivered to Tobin an undertaking in the following form:

2. Implied authority to fill blanks so as to complete signed instrument, note, Ann. Cas. 1912B, 1010.

Liability of maker, acceptor or indorser of commercial paper where blanks therein are filled up contrary to his instructions, note, 5 B. R. C. 702.

"Whereas, the above-named plaintiff commenced an action in the Superior Court of the County of San Francisco, State of California, against the above-named defendant, claiming that there was due to said plaintiff from said defendant the sum of Six Hundred and no/100 ($600.00) Dollars, or thereabouts, and thereupon an attachment issued against the property of said defendant as security for the satisfaction of any judgment that might be recovered therein; and certain property and effects of the said defendant have been attached and seized by the sheriff of the said Tulare County, under and by virtue of said writ:

"And whereas, the said defendant is desirous of having said property released from said attachment:

"Now, therefore, we the undersigned, residents and householders in the County of Tulare, in consideration of the premises, and also in consideration of the release from said attachment of the property attached, as above mentioned, do hereby, jointly and severally, undertake in the sum of —— Dollars, and promise that in case the plaintiff recover judgment in the action, defendant will, on demand, pay to plaintiff the amount of whatever judgment may be recovered in said action, together with the percentage, interest and costs; the same to be paid in United States Gold Coin, if so required by the terms of the judgment."

[1] Tobin, without the knowledge or consent of either defendants or plaintiff, changed the words "Six Hundred and no/100 ($600.00)," appearing in the undertaking as delivered to him, to "Three Thousand Five Hundred and Fifty-nine and 85/100" and inserted "Four Thousand" in the blank space for the amount of the penalty of the undertaking. As so changed, Tobin delivered the undertaking to the sheriff, who thereupon released the attached property. Plaintiff recovered judgment against Tobin in the sum of $2,250. This action is for the recovery from the defendants of the amount of such judgment. The court found the facts as stated and gave the plaintiff judgment for the sum of $600. From this judgment the plaintiff has appealed on the judgment-roll alone.

The undertaking, as delivered by defendants to Tobin, was enforceable to the extent of $600, the sum for which the undertaking recites that plaintiff had sued Tobin. The

omission to state the penalty in the blank space provided therefor did not render the undertaking invalid. ''The object of a penalty in a bond is to limit the obligation of the signers.'' (9 C. J. 40; 32 Cyc. 121.) The recitals in an undertaking, as in other contracts, may likewise limit the obligation of the sureties. In an undertaking for the release of an attachment, the recital of the amount for which suit was brought is material as showing the extent to which the signers intended to bind themselves, since a judgment cannot exceed the amount demanded in the complaint. The law relative to the filling of blanks in contracts and other changes therein after execution is clearly expressed in the following authorities:

''It is settled law, that where a party to a negotiable instrument, entrusts it to another for use as such, with blanks not filled up, such instrument so delivered carries on its face an implied authority to complete the same by filling up the blanks; but the authority implied from the existence of the blanks would not authorize the person entrusted with the instrument to vary or alter the material terms of the instrument by erasing what is written or printed as part of the same, nor to pervert the scope and meaning of the same by filling the blanks with stipulations repugnant to what was plainly and clearly expressed in the instrument before it was so delivered. By virtue of the implied authority, such a depositary may perfect, in his discretion, what is incomplete, by filling the blanks; but he may not make a new instrument by erasing what is written or printed, nor by filling the blanks with stipulations repugnant to the plainly expressed intention of the same as shown by its written or printed terms.'' (*Angle* v. *Northwestern Life Ins. Co.,* 92 U. S. 330 [23 L. Ed. 556, see, also, Rose's U. S. Notes].)

''Where there is no express authority in the person to whom a note or other instrument is entrusted or delivered to make alterations therein, it is only where such writing is patently incomplete in some respect such as an omitted date, or a blank space required to be filled to make the contract express the intent of the parties, that there is any implied authority to insert new matter, or make any material addition thereto. Even in such a case the impli-

cation must very plainly arise from the circumstances, or the maker will not be bound. This is upon the very obvious principle that any unauthorized change in a material respect destroys the integrity of the instrument as the contract which the maker has executed; it ceases to be his contract and is avoided, even in the hands of an innocent holder for value." (*Walsh* v. *Hunt,* 120 Cal. 46, 50 [39 L. R. A. 697, 52 Pac. 115, 116].)

"This right to fill blanks left in a writing, without any express authority, rests upon an assumption of consent; it is considered that the fact that blanks are left in an instrument implies an authority to fill them, provided the possession of the incompleted paper has been entrusted under circumstances which permit the inference of authority to perfect it, and where, in view of such apparent authority, it would be a fraud upon innocent parties to permit an assertion to the contrary. Consequently, the rule of implied authority to fill blanks does not apply where the circumstances negative consent." (2 C. J. 1244.)

In this case the court has found that, after the execution of the undertaking, its terms were changed in the manner stated without the knowledge or consent of the defendants. Since the evidence was not brought up, it does not appear what the circumstances surrounding the transaction were, or whether they were such as to negative the implied consent to fill the blank space, arising from the delivery of the instrument with the unfilled blank. [2] It cannot be conclusively inferred from the presence of unfilled blanks in an instrument, at the time of delivery, that the depositary thereof is authorized to fill such blanks, but the question of authority so to do is one of fact to be determined by the trial court from all the surrounding circumstances. In the absence of the evidence produced at the trial it must be presumed in support of the judgment that the circumstances proven negatived any implied consent of defendants to the making of the alterations in the undertaking.

The judgment is affirmed.

Jones, J., *pro tem.,* and Burnett, J., concurred.